IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____

**JUSTIN BOREN,** an individual,

    Plaintiff,

        v.

**FIRST CALL TEMPORARY SERVICES, INC.**,

    Defendant,

NO. _____

**JURY TRIAL DEMAND**

_____

## COMPLAINT
_____

Plaintiff Justin Boren ("Plaintiff"), individually, brings this action under the Fair Labor Standards Act against First Call Temporary Services, Inc. ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff from Defendant, as set forth herein.

2. At all times material to this lawsuit, Plaintiff worked for Defendant as a misclassified salaried exempt employee who worked in excess of 40 hours per week within weekly pay periods without receiving one and one-half times his regular hourly pay rate of pay for such excessive hours, contrary to the provisions of the FLSA.

1

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 201 *et. seq.*, and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant to perform work for it in this district, Defendant regularly conducted and continues to conduct business in this district, and has committed and continues to commit FLSA violations alleged herein in this district during all material times in this cause.

## III. PARTIES

5. Plaintiff Boren was employed by Defendant as a misclassified salaried exempt employee during the applicable statute of limitations' period and, consequently, was not paid one and one-half his regular hourly rate of pay for all hours over 40 per week within weekly pay periods during all times material to this lawsuit.

6. Defendant First Call Temporary Services, Inc. is an Indiana Corporation with its principal address located at 8733 Founders Road, Indianapolis, Indiana 46268-1338. Defendant can be served process via its registered agent at Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

## IV. ALLEGATIONS

7. Defendant First Call Temporary Services, Inc. is an employment staffing business with an office at 816 Broadway in Portland, Tennessee 37148.

8. Defendant's Portland, Tennessee representative hired Plaintiff as a "watchman" at the Clayton Homes "start-up" facility in Westmoreland, Tennessee some 19 months before the

filing of this Complaint. Plaintiff was hired at a salary of $931.00 per week for 70 hours of work per week.

9. Defendant's representative tasked Plaintiff to watch the Clayton Homes "start-up" facility in Westmoreland, Tennessee and make periodic "rounds" of the property to ensure no unauthorized individual entered the property.

10. Plaintiff was hired in such capacity to work 70 hours per week and he did work 70 hours per week within weekly pay periods at all times material to this lawsuit.

11. Defendant willfully, unlawfully and with reckless disregard to established FLSA principles, required Plaintiff to sign a document as a condition of employment that he was employed as a salaried employee and would earn $931.00 per week for 70 hours of work and would not be entitled to overtime compensation at one and one-half times his hourly rate of pay.

12. Defendant willfully, unlawfully and with reckless disregard to the overtime provisions of the FLSA failed to compensate Plaintiff at the applicable FLSA overtime rate of pay for all hours worked in excess of 40 per week within weekly pay periods during all times material.

13. Defendant has failed to compensate Plaintiff at the applicable FLSA overtime rate of pay for all hours worked in excess of 40 per week within weekly pay periods during all times material without a good faith basis.

14. Defendant is unable to show that Plaintiff is exempt from receiving overtime compensation at the applicable FLSA overtime rate of pay for hours worked in excess of 40 per week within weekly pay periods during all times material herein.

15. Therefore, Plaintiff is entitled to receive from Defendant unpaid overtime compensation, for all hours worked over 40 within weekly pay periods during the applicable statutory limitations' period to this action.

16. Defendant has been the "employer" of the Plaintiff within the meaning of 29 U.S.C. § 203(d), during all times relevant to Plaintiff's Original Complaint

17. Plaintiff has been an "employee" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit during all times material to this action.

18. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

19. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

20. The net effect of Defendant's failure to pay Plaintiff for all hours worked in excess of forty (40) per week within relative weekly pay periods at the applicable FLSA overtime compensation rate of pay, was a scheme to save on payroll costs and payroll taxes for which Defendant has enjoyed ill gained profits at the expense of Plaintiff.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME**

21. Plaintiff Boren repeats and re-alleges Paragraphs 1 through 21 above as if they were set forth herein.

22. At all times relevant herein, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23. At all times relevant herein, Defendant employed Plaintiff as an "employee" within the meaning of the FLSA.

24. At all times relevant herein, Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff for all hours worked in excess of 40 per week at the applicable FLSA overtime rates of pay, without a good faith basis.

25. Defendant acted willfully, and without good faith, in its failure to pay Plaintiff the applicable overtime rates of pay for all hours worked over 40 per week within applicable weekly pay periods during all times relevant to this action.

26. As a result of Defendant's willful failure to compensate Plaintiff at a rate of not less than one and one-half times the regular hourly rate of pay for hours in excess of 40 within applicable weekly pay periods, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

27. Defendant is unable to show that Plaintiff is exempt from receiving overtime compensation at the applicable FLSA overtime rate of pay for hours worked in excess of 40 per week within weekly pay periods during all times material herein.

28. Due to Defendant's willful FLSA violations and lack of a good faith basis, as described above, Plaintiff is entitled to, and hereby seeks to recover from Defendant, compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three (3) year statutory period under the FLSA.

**PRAYER FOR RELIEF**

WHEREAS, Plaintiff requests this Court to grant the following relief against Defendant:

A. On Count I, an award of compensation for unpaid overtime hours to Plaintiff:

B. On Count I, an award of liquidated damages to Plaintiff;

C. On Count I, an award of prejudgment ( to te extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff;

D. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff;

E. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

F. Such other general and specific relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: March 3, 2021.                    Respectfully Submitted,

*/s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiff*